UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE GREEN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security

    Defendant.

No. 2:17-cv-1992-EFB

MEMORANDUM AND ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. ECF Nos. 17 & 21. For the reasons discussed below, the Commissioner's motion is denied and plaintiff's motion is granted. The matter is remanded for additional administrative proceedings.

## BACKGROUND

On March 19, 2014,[1] plaintiff filed an application for SSI which alleged that he had been disabled since May 1, 2011. Administrative Record ("AR") at 88, 216-24. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 86-88, 102. On April 5, 2016, a hearing was

---

[1] The ALJ's decision lists March 19, 2014 as the date of filing (AR at 13), as does the initial disability determination (*id.* at 88). The application itself lists a filing date of April 7, 2014, however. *Id.* at 216. In any event, this discrepancy is immaterial to the adjudication of the pending motions.

1

held before administrative law judge ("ALJ") Robert C. Tronvig, Jr. *Id.* at 29-73. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

On June 20, 2016, the ALJ issued a decision finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.[2] *Id.* at 13-24. The ALJ made the following specific findings:

1. The claimant has not engaged in substantial gainful activity since March 19, 2014, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity; degenerative disc disease of the lumbar spine; low vision; mood disorder; and anxiety disorder (20 CFR 416.920(c)).

\* \* \*

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

* * *

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except he has the following additional limitations: he cannot climb ladders, ropes, or scaffolds; he can push or pull within the weight limits of his ability to lift or carry; he must avoid concentrated exposure to hazards; he is limited to simple or repetitive tasks with a Specific Vocational Preparation of 1 to 2; he can have occasional contact with the public; he is limited to low-stress jobs that include only occasional decision-making and occasional workplace changes; he cannot work in a fast-paced production environment; and he would be off task for 5 percent of the time.

* * *

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1962, and was 51 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that the claimant could perform (20 CFR 416.969 and 416.969(a)).

* * *

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 19, 2014, the date the application was filed (20 CFR 416.920(g)).

AR at 15-24.

Plaintiff's request for Appeals Council review was denied on August 15, 2017 leaving the ALJ's decision as Commissioner's final decision. *Id.* at 1-3.

## LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were

applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## ANALYSIS

Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. John Onate. The ALJ purported to give Dr. Onate's opinion significant weight, but failed to factor his recommendations that plaintiff needed a cane[3] and required work supervision[4] into the RFC. To the issue of work supervision, the court agrees with plaintiff and, for the reasons stated hereafter, will remand for additional proceedings on that basis.

/////

---

[3] Plaintiff's argument regarding a cane is puzzling. None of the record documents he cites actually indicate that Dr. Onate found a cane medically necessary.

[4] Plaintiff also contends, in what he characterizes as a separate legal argument, that the ALJ misstated these limitations in a hypothetical to the VE at the oral hearing. This is, however, effectively the same argument and the court sees no need to address it twice. *See Stubbs-Danielson v. Astrue,* 539 F.3d 1169, 1175-76 ("In arguing the ALJ's hypothetical was incomplete, [claimant] simply restates her argument that the ALJ's RFC finding did not account for all her limitations because the ALJ improperly discounted her testimony and the testimony of medical experts.").

4

The RFC is the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). An ALJ's RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). As noted *supra*, the ALJ crafted an RFC indicating that plaintiff was capable of medium work subject to various limitations. AR at 17-18. None of the articulated limitations, however, mentioned a need for supervision. And, in Dr. Onate's assessment, he indicated that plaintiff's ability to work without supervision was "poor." *Id.* at 728. The form defines "poor" to mean "[t]he evidence supports the conclusion that the individual cannot usefully perform or sustain the activity." *Id.* Thus, in effect, Dr. Onate indicated that plaintiff could not usefully work without supervision.

The Commissioner raises several arguments argues as to the propriety of the RFC. First, she notes that giving an expert opinion "significant weight" does not obligate the ALJ to adopt it verbatim. That may be, but it behooved the ALJ – to the extent that he did not agree with Dr. Onate's recommendation regarding supervision – to offer explicit reasons for discounting it. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) ("[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."). The only reservation the ALJ articulated as to Dr. Onate's opinion, however, was a finding that "aspects of Dr. Onate's medical source statement are too vague, insofar as no specific explanations regarding the claimant's 'fair' mental abilities are provided . . . ." *Id.* at 22. The supervision requirement was not one of the "fair" mental abilities; it was rated as "poor." *Id.* at 728.

Second, the Commissioner argues that Dr. Onate did not actually find that plaintiff needed to work with a supervisor; rather he determined only that plaintiff "had a poor ability in working without supervision." ECF No. 21 at 7. But, as noted *supra*, the definition of "poor" employed by Onate effectively precluded the possibility of useful work performance without supervision.

Third, the Commissioner argues that plaintiff fails to show how Dr. Onate's supervision requirement was inconsistent with either the RFC or the jobs which the ALJ determined plaintiff could perform, "all of which would ostensibly include some form of supervision." *Id.* The

5

supervision requirement is plainly inconsistent with the RFC insofar as the latter makes no mention of a supervision limitation. And the argument that the relevant jobs "would ostensibly" include supervision is insufficient to relieve the ALJ of the burden of considering all of plaintiff's impairments in determining the RFC. *See* SSR 96-8p, 1996 SSR LEXIS 5, *20, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.")

Fourth, the Commissioner argues that plaintiff has failed to show that the "extremely restrictive RFC would not address all of his limitations with record support." ECF No. 21 at 7. She then goes on to cite the various limitations that were included, none of which explicitly mentioned a need for supervision. *Id.* It may be that the RFC took most of Dr. Onate's recommendations into account, but that does not excuse the failure at issue. The ALJ was required to either explicitly discount the finding that plaintiff required supervision or to incorporate it into the RFC. He did neither.

Based on the foregoing, the court concludes that the ALJ erred in failing to incorporate the supervision limitation into his RFC (or to offer sufficient reasons for rejecting it). The only question that remains is whether to award benefits or to remand for additional proceedings. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A court should remand for further administrative proceedings, however, unless it concludes that such proceedings would not serve a useful purpose. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016). Under the foregoing standard, a remand for additional proceedings is proper. That the ALJ failed – in this instance - to account for a limitation advanced in Dr. Onate's assessment does not compel a finding that he is categorically unable to do so.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is GRANTED;
2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is DENIED;
3. This matter is REMANDED for additional administrative proceedings; and

4. The Clerk is directed to enter judgment in the plaintiff's favor and close the case.

DATED: March 4, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE